FRANCES L. McCARTY v. M. A. SMITH, Liquidator Fort Pierce Bank.

156 So. 908.

Opinion Filed October 5, 1934.

*Fee & Liddon,* for Appellant;

*Dame & Rogers,* for Appellee.

BUFORD, J.—The appeal in this case is from an order overruling a motion to dismiss a bill of complaint.

The bill of complaint sought relief upon the ground of fraud. It alleged that the appellant had disposed of certain certificates of stock in Fort Pierce Bank, a banking corporation heretofore doing business in St. Lucie County, Florida, at a time when she knew the bank was insolvent and that its failure was imminent.

The bill shows upon its face that the transfer and assignment of the stock occurred more than six months prior to the closing of the bank. It alleges sufficient statement of facts to show, if true, that the defendant named therein was fully advised as to the unsound and insolvent condi-

tion of the bank and that its failure and closing was imminent.

The bill alleges that the Comptroller had made an assessment of 100% against owners and holders of certificates of stock at the time the assessment was made. The bill prays for cancellation of the transfer and assignment of the stock and for a decree against the alleged fraudulent assignor for the amount of the certificates in favor of the liquidator. The assignee of the stock was made party to the suit and decree *pro confesso* was entered against her.

The only question necessary to be determined is whether or not the stockholder by transferring the stock at the time more than six months before the date of the failure of the bank, although then knowing of such impending failure, which afterward occurred made such transfer in fraud of the creditors of the bank and may be held answerable for the statutory liability attaching to the ownership of such capital stock.

Section 4128 R. G. S. was amended by Chapter 13576, Acts of 1929, to read, in part, as follows:

"Stockholders who shall have transferred their shares or registered the transfer thereof within six months next before the date of the failure of such company to meet its obligations or with knowledge of such impending failure, shall be liable to the same extent as if they had made no such transfer, to the extent that the subsequent transferee fails to meet such libility; but this provision shall not be construed to affect in any way any recourse which such shareholders might otherwise have against those in whose names such shares are registered at the time of such failure. Provided the seller shall have notified the bank in writing by registered mail or taken receipt from bank therefor."

It is contended by appellant that the word "or" between

the words "obligations" and "with" should be read "and." This construction would change the whole meaning of the sentence. Our view is that it was the intent of the statute to make transfers of stock within six months prior to the failure of a bank inoperative to relieve the transferring stockholder from liability, regardless of the knowledge of such stockholder of the condition of the bank and it went further and provided definitely for what might have been the law without that provision, that a transfer of stock by a stockholder with knowledge of impending failure of the bank, whether within six months or any other period, should not be operative or effectual to relieve the transferring stockholder of the statutory liability for an assessment which should be made pursuant to such failure. Such a transfer would be a fraud upon creditors of the bank and if the person to whom it was assigned took it without knowledge of such impending failure it would be also a fraud upon the assignee, if effectual.

The appellant, as is alleged in the bill of complaint, transferred and assigned the stock to another person, the assignor then having full knowledge of the condition of the bank as above stated and did it for the purpose and with the intent to avoid statutory liability. She also, as it is alleged, procured the recording of the transfer of stock on books of the bank. Therefore, when the assessment was made by the Comptroller the records did not show her to be a holder or owner of stock.

She could not be heard to complain, if she has placed herself in a position where she must answer in court of equity for the perpetration of a legal fraud. The courts of equity are always open to redress fraud and to grant such other and further relief as may be required to do full justice between the parties to such equity suit.

The order appealed from should be affirmed.

It is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, and BROWN, J. J., concur.